Pbelle, J.,
delivered tbe opinion of tbe court:
Tbe claimant seeks to recover for professional services rendered as special counsel, at tbe request and employment of tbe Attorney-Gen eral of tbe United States, in a cause on appeal to tbe Circuit Court of Appeals for tbe ninth circuit from a judgment rendered by tbe District Court for tbe District of Alaska whilst tbe claimant was at tbe same time tbe United States district attorney for tbe northern district of California, within tbe territorial limits of which tbe Circuit Court of Appeals was sitting.
For tbe services thus rendered tbe claimant presented an account for $450 to tbe circuit judge for said northern district, who approved tbe same as a just and reasonable allowance.
Tbe account so approved was then presented to tbe Attorney-General, who approved tbe same for tbe sum of $300 and forwarded tbe claim to tbe accounting officers of tbe Treasury Department for adjustment.
Tbe claim was transmitted to tbe court by tbe Secretary of tbe Treasury, at tbe request of the First Comptroller of tbe Treasury, under tbe provisions of Eevised Statutes, section 1063, as set forth in finding v as involving controverted questions of law, etc.
Tbe question presented is as to tbe power and authority of tbe Attorney-General of tbe United States to employ tbe claimant, a district attorney, as special counsel to represent tbe United States in a cause in which they are parties, on appeal from a judgment rendered by tbe District Court for tbe District of Alaska to tbe Circuit Court of Appeals sitting in San Francisco within tbe territorial limits of tbe district in which' tbe claimant’s official duties were required to be performed.
If tbe services for which tbe claimant seeks to recover were performed by him as district attorney, or if tbe services came within bis official duties, be can not recover, altbongb performed at tbe request and employment of tbe Attorney-General of tbe United States, as under Eevised Statutes, section 771, it is made “the duty of every district attorney to prosecute in bis district * * * all civil actions in which the United States are concerned.”
And by Revised Statutes, section 1765, they are prohibited from receiving “ any additional pay, extra allowance, or com *348 pensation in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.”
That section was construed by the Supreme Court in the case of Hoyt v. United States (10 How., 109, 141) most rigidly against the right of a district attorney to recover extra pay or allowance for services performed as such.
As if that section were not comprehensive enough, Congress, by the Act June 20, 1874 (1 Supp. to R. S., 2d ed., p. 18), provided—
“That no civil officer of the Government shall hereafter receive any compensation or perquisites, directly or indirectly, from the Treasury or property of the United States beyond his salary or compensation allowed by law: Provided, That this shall not be construed to prevent the employment' and payment by the Department of Justice of district attorneys as now allowed by law for the performance of services not covered by their salaries or fees.”
The defendants contend, and we think rightly, that the only compensation to which a district attorney may be entitled by way of salary and fees, certainly in the preparation and trial of causes, is covered by Revised Statutes, sections 770, 823, 824, 825, and 827.
Section 824 provides for specific 'fees for specific service, while for analogous service in cases “where the United States is interested, but is not a party of record,” Revised Statutes, section 299, authorizes the allowance of assimilated fees.
The salary of $200 a year given by section 770 was evidently intended by Congress to cover such incidental services as are not provided for by specific or analogous fees, such as those which may be required of them by the Attorney-General under Revised Statutes, section 355. in respect to the title to real estate.
It does not follow, however, that a district attorney may not be required to perform services in behalf of the United States for which no compensation is provided.
The rule on this subject was stated in the case of United States v. King (147 U. S., 676, 679)
“The ordinary rule, in the absence of legislation, is that if the statute increases the duties of an officer by the addition of other duties germane to his office, he must perform them with *349 out extra compensation; but if be is employed to render services in an independent employment, not incidental to bis. official duties, be may recover for sucb services.” (Mecbem on Public Officers, secs. 862, 863.)
If, therefore, tbe services performed by tbe. claimant in tbe Circuit Court of Appeals were germane to bis office be can not recover, tbougb no compensation is provided tberefor. B.ut if' be rendered “ service in an independent employment, not incidental to bis official duties, be may recover for sucb services.”
Tbe services performed by tbe claimant in tbe Circuit Court of Appeals were apparently germane to bis office, as they were performed witbin tbe territorial limits of bis district,, and, too, in a cause in wbicb tbe United States were 'parties, but sucb services do not appear to bave come witbin bis official duties, for tbe reason that tbe cause originated and was prosecuted to final judgment in the District Court for tbe District of 'Alaska, from wbicb tbe appeal was taken.
So that, if tbe services performed by tbe claimant in tbat cause in tbe Circuit Court of Appeals came witbin bis official duties, it is evidently because tbe Court of Appeals was at tbe time sitting in San Francisco, witbin the territorial limits of tbe district wherein tbe claimant was required to perform bis official duties.
To so bold might impose upon a single district attorney in each judicial circuit tbe hardship of appearing in tbe Court of Appeals in every cause coming up on appeal from tbe various districts witbin tbe judicial circuit wherein tbe United States were interested.
This we do not believe Congress contemplated when tbe Circuit Courts of Appeals were created.
If it is not tbe recognized practice for district attorneys to follow their respective cases into tbe Circuit Court of Appeals witbin their respective judicial circuits, we are inclined to tbe opinion that, in tbe interest of tbe United States, it is witbin the scope and power of the Attorney-General to establish sucb practice by requiring district attorneys to do so.
In tbe Perry Case (28 C. Cls. R., 483, 491), tbe court, in speaking of tbe power of tbe Attorney-General under Devised Statutes, sections 355 to 366, in respect to tbe litigation and law business in which tbe United States are interested, said:
“These provisions are too comprehensive and too specific to *350 leave any doubt that Congress intended to gather into the Department of Justice, under the supervision and control of the Attorney-General, all the litigation and all the law business in which the United States are interested, and which previously had been scattered among different public officers, departments, and branches of the Government, and to break up the practice of frequently employing unofficial attorneys in the public service. The claimant could not have been employed to perform professional services in matters within the duties of the district attorney over which the Attorney-General had supervision and control, except as provided in Devised Statutes, sections 363 and 365, ante.”
And in the same connection the Supreme Court, in the case of The United States v. Smith (158 U. S., 346, 356), said:
“ It is essential to the interests of the Government that in all suits, criminal and civil, in which it is interested, the Attorney-General shall be at liberty to call upon the district attorney to represent it, and his compensation therefor, whether measured by the fee bill or not, is a part of the fees -and emoluments of his office.” ’
The Act of March 3,1891 (1 Supp. D. S., p. 901), creating the Circuit Courts of Appeals, makes no express provision for fees or other compensation to district attorneys in said court in cases where the United States are parties or otherwise, nor is there any provision in the act requiring district attorneys or any other officer of the United States to appear in said court as counsel in the interest of the United States.
The authority and requirement for such services in the Circuit Courts of Appeals, as well as compensation therefor, must be found in other statutes, which were enacted long prior to the date of the act creating the Circuit Courts of Appeals.
The second section of the act provides for the appointment of a marshal and clerk, whose duties shall be the same as those of the marshal and clerk of the Supreme Court “ so far as may be applicable,” while the same section provides that “ the costs and fees in the Supreme Court now provided for by law shall be costs and fees in the Circuit Courts of Appeals; and the same shall be expended, accounted for, and paid for, and paid over to the Treasury Department of the United States in the same manner as is provided in respect of the costs and fees in the Supreme Court.”
By the last paragraph of section 9 of said act it is provided—
“That the marshals, criers, clerks and bailiffs, and messengers shall be allowed the same compensation for their respec- *351 live services as are allowed for similar services in the existing Circuit Courts.”
By Revised Statutes, section 359 et seg., it is made the duty of the Attorney-General and the Solicitor-General, “except when the Attorney-General in particular cases otherwise directs,” to “ conduct and argue suits and writs of error and appeals in the Supreme Court and suits in the Court of Claims in which the United States is interested, and the Attorney-General inay, whenever he deems it for the interest of the United States, either in person conduct and argue any case in any court of the United States in which the United States is interested, or may direct the Solicitor-General or any officer of the Department of Justice to do so,” or the Attorney-General “ shall, whenever in his opinion the public interest requires it, employ and retain, in the name of the United States, such attorneys and counselors at law as he may think necessary to assist the district attorneys in the discharge of their duties, and shall stipulate with such assistant attorneys and counsel the amount of compensation, and shall have supervision of their conduct and proceedings,” as provided under Revised Statutes, section 363.
By Revised Statutes, section 362, it is made his dnty to exercise general superintendence and direction over district attorneys as to the manner of discharging their respective duties, while under Revised Statutes, section 368, he is given general supervision over their accounts. So that we think it is within the scope and authority of the Attorney-General to direct district attorneys to follow cases on appeal from, their respective districts into the Circuit Court of Appeals within their respective judicial circuits, and he may, “ whenever in his opinion the public interest requires it, employ and retain, in the name of the United States,” special counsel “to assist the district attorneys in the discharge of their duties.”
For this purpose, where the official duties of a district attorney are not thereby interfered with, of which the Attorney-General is presumed to know, and where the case in which he is employed was one taken on appeal from a district other than the one in which his official duties were required to be performed, as in the case at bar, we see no objection to the employment by the Attorney-General, as special counsel therefor, of one who was at the time a district attorney within the district in which the court of appeals was sitting.
*352 Then, again, in the Appropriation Act October 2, 1888 (25 Stat. L., 505, 545), there is placed under the control of tlie Attorney-General an appropriation of $5,000, with which to' pay district attorneys such special compensation as he may fix for services performed by them “ not covered by salary or fees,” and this amount has been appropriated for the same purpose each year since.
But in this case the claimant does not seek to recover for services performed by him as district attorney, but for services performed as special counsel or assistant to the district attorney at the request and employment of the Attorney-General..
If he performed the service as district attorney, and such-service is “ not covered by salary or fees,” then the Attorney-General, under the appropriation act just cited, would be-authorized to allow him special compensation therefor; but, under the decision in the Smith Case (supra), such compensation would be a “part of the fees and emoluments of his office.”'
If the -management of the cause in the Circuit Court of Appeals came within the official duties of the district attorney for the District of Alaska, and he for any reason did not follow the case in the Court of Appeals, or if he did so follow the case, we think it was within the scope and authority of the Attorney-General, under Revised Statutes, sections 363, 366, if in his opinion the public interests required it, to employ such attorney and counselor at law as he thought necessary to assist such district attorney, stipulating with such special counsel or assistant attorney his compensation therefor.
Whatever fees may accrue to a district attorney for services performed in the Court of Appeals we think would belong- to the district attorney of the district in which the case originated or if no fees or other compensation are provided for to district attorneys for services performed in the Court of Appeals, it would be more reasonable for the district attorney who receives the benefits of the fees in the court below to follow such case into the Court of Appeals. He would certainly be entitled to-mileage under the ninth clause of section 824. And in the case tried it may be that under Revised Statutes, section 826, no fees accrued, as the suit was on a bond.
Where one performs services, as in the case- at bar, at the request and employment of the Attorney-General, who is authorized to so employ, and such services are accepted by the *353 Attorney-General m bebalf of tbe United States, and compensation tberefor is fixed by bim as was done in tbis ease, the court will presume, in tbe absence of any showing to tbe contrary, that tbe intermediate requirements of tbe statute have been complied with.
We are of tbe opinion that tbe allowance of $300 by tbe Attorney-General, who was authorized to stipulate tberefor, fixes tbe amount of the claimant’s recovery in tbis case, and judgment will be entered in bis favor accordingly.'