## UNITED STATES *v.* GARTER.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted April 14, 1898. — Decided May 9, 1898.

It is not part of the official duties of the District Attorney of the district, in which, at the time, a session of the Court of Appeals is held, to assume the management and control of the government cases in that court.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Pradt* for appellants.

*Mr. W. W. Dudley, Mr. L. T. Michener* and *Mr. F. T. Dewees* for appellee.

MR. JUSTICE BREWER delivered the opinion of the court.

This case, like the two preceding, is one brought by a district attorney to recover for services rendered in a Court of Appeals. There is this difference, however, between them. The plaintiff in the court below was district attorney for the Northern District of California. The Court of Appeals was held at San Francisco, within the limits of that district, though the case in which he was employed and in which he rendered the services was one coming to that court from the District Court of Alaska.

In a geographical sense the services were rendered in a government case pending in the district for which he was district attorney, and technically, therefore, it may be said that those services were within the statutory designation of his duties. But we are of the opinion that this fact is not decisive, and for these reasons: At the time the sections defining his duties were enacted there was no Court of Appeals, and therefore no service in such court could have been within the contemplation of Congress in their enactment. Undoubtedly the fact that Congress thereafter added to his duties would not of itself change the measure or limits of compensation. But the question is whether a fair construction of the Court of Appeals act casts upon him any duties in respect to cases pending in that court. That act was a new and great departure in the judicial system of the United States. It divided the appellate jurisdiction theretofore vested in this court and distributed it between this and the newly created Courts of Appeal. To accommodate suitors it provided that the sessions of those courts should be held within their respective circuits, but for all practical purposes those courts became for several classes of cases practically the Supreme Court, and this notwithstanding the fact that there was reserved to this court a control over their proceedings. They were, as we held in the opinion just filed, in no sense courts in or for a district, but distinctively appellate courts for the entire circuit. No express provision was made for appearances in those courts by the district attorneys of the several districts, and the control

of cases in them comes within the general jurisdiction of the Attorney General as head of the Department of Justice.

While one city in each circuit was named as a place for holding at least one term of the court, authority was given to the judges to hold terms at other places within the circuit, and in fact in several circuits the Courts of Appeals are held at more than one place. Obviously great practical inconvenience would result if the management and cont ol of a case pending in a Court of Appeal was adjudged the duty of the district attorney of the district in which the court is held. For if the case was placed on the docket for one term and the district attorney of the district in which that term was held should assume the management and control of the case, it might often be that before the case was reached for argument the court would have finished its term there and adjourned to a place in some other district, and then upon the district attorney of. that district would rest the duty of undertaking the management and control. So not merely the nature of the court and .its relations to the entire circuit, but the practical difficulties which would attend the matter concur in compelling the conclusion that it is not a part of the official duties of the district attorney of the district in which at the time a session of the Court of Appeals is held to assume the management and control of government cases in that court.

As we indicated in *United States* v. *Winston,. ante*, 522, that court must stand in relation to cases pending therein, so far as concerns the legal representatives of the Government, precisely as this court, and the management and control of all cases therein must be regarded as a part of the immediate duties of the Department of Justice and under the control of the Attorney General. So, although the particular case in which this plaintiff was employed was pending in the Court of Appeals, whose sessions were then held within the territorial limits of his district, the duty of attending to the management of that case was not cast upon him,. and when he was employed by the Attorney General to represent the Government in that case he was employed as a special counsel, and the rule of compensation must be the same as adjudged in the prior case.

· The same observations must be made here as in *United States* v. *Winston, ante,* 522, in reference to the matter of certificate, and the conclusions to which we came in that case find additional support from the fact that this case and the one immediately following (*United States* v. *Herron, ante,* 527) were tried in the Court of Claims, and both were decided during the same month. (31 Ct. Cl. 344–473). In that there was an express finding, as we have seen, that no certificate was given, as required by section 365, Revised Statutes, while in this such finding is omitted, and simply the general finding of an allowance by the Attorney General. We think, therefore, this comes within the rule laid down in *United States* v. *Winston, ante,* 522, and the judgment of the Court of Claims is

*Affirmed.*