Barney, J.,
delivered the opinion of the court:
It appears that the claimant was appointed to the office of crier of the United States Court of Appeals for the Seventh Circuit, at Chicago, Ill., on the 8th day of October, 1891, and that he served as such crier until the 5th day of October, 1896.
On the latter date, upon the recommendation of John W. Arnold, the United States marshal for that district, he was appointed as office deputy marshal, and thereafter served as such office deputy, at the same time continuing to act as crier for said court. The salary of claimant as such office deputy was fixed by the Attorney-General at the sum of $1,000 per annum, and he has received the same. His account as court crier during the same time was duly certified by the clerk of the court, presented, and disallowed, and because of such disallowance this suit is brought.
It appears that Marshal Arnold in his communication to the Attorney-General recommending the appointment of his office force, and among them the claimant as an office deputy, said:
“ The above force of deputies will preclude the employment of persons to attend upon the various courts as bailiffs and criers, with the exception of one crier in the Circuit Court.”
The Attorney-General, in reply to the recommendation, on July 6, 1896, advised Marshal Arnold as follows:
“ You will be allowed., until further orders, to employ office deputies and clerical assistance as follows: * * * George Q. Allen, office deputy, compensation $1,000 per annum. * * * The office deputies will act without compensation *238 as bailiffs and criers in courts, and no other criers will be employed in the district, Avith the exception of one crier in the Circuit Court.”
It appears without contradiction in this case, and in fact is stipulated bjr the parties, that Mr.’ Allen had no actual knowledge of the contents of these communications betAAreen said marshal and the Attorney-General; and that he did not accept the office of office deputy Avith any knowledge of any agreement or condition attached thereto, or that by so doing he was to forego any compensation as such crier.
Section 10 of the act of May 28, 1896 (29 Stat. L., 182), provides:
“ That when in the opinion of the Attorney-General the public interest requires it, he may, on the recommendation of the marshal, AAdiich recommendation shall state the facts as distinguished from conclusions, shoAAdng necessity -for the same, alloAV the marshals to employ necessary office deputies and clerical assistance upon salaries to be fixed by the Attorney-General from time to time, and paid as hereinafter provided. * *
Section 13 of the same act also provides:
“ * * * ProvidedThat no office or field deputy shall receive compensation as bailiff and no field deputy shall receive fees for representing the marshal in court.”
Under the provisions of section 10, aboA^e referred to, the Attorney-General AAras given authority to alloAAr marshals to employ office deputies, “ upon salaries to be fixed ” by him; and the communication of the Attorney-General to. Marshal Arnold alloAving such employment fixed the salary of the claimant at $1,000 per annum, and added the condition, as stated, that he was to receive no compensation as court crier. Tt is argued by the attorney for the Government that the claimant is chargeable with constructive knowledge of the conditions attached to his appointment, contained in the communication of the Attorney-General, and Ave are inclined to agree with that contention, and to decide this case upon the conclusion that the claimant was chargeable AA'ith full knowledge of the limitations contained in the letter authorizing his appointment. It is not contended that the office of court crier and office deputy marshal *239 are in any way incompatible, so that the question before us for decision is whether the Attorney-General had any power or authority to add such condition, and consequently Avhether it is any limitation upon the right of the claimant to recover his fees as such court crier.
In Glavy v. United States (182 U. S., 595), a case not cited by either party and Avhich Avas an appeal from this court (35 C. Cls. N., 242), the'claimant Avas local inspector of vessels at NeAv Orleans, and Avhile an incumbent of such office Avas appointed by the Secretary of the Treasury as a special inspector of foreign steam vessels at the same port, with the condition stated in his appointment that he Avas to serve in the latter capacity Avithout additional compensation. The salary provided by statute for special inspectors of foreign steam Aressels was $2,000 per annum, and the claimant drew no part of this salary from May 25, 1891, to May 27, 1894, during Avhich time he Avas 'acting as local inspector as well as such special inspector of foreign steam vessels. It also appears that during said time he made no demand for any such salary and made no protest or objection to serving as such special inspector of foreign steam A’-essels. An action was brought in this court May 22, 1897, to recover the salary of the claimant as inspector of foreign steam vessels during his said service as such. The claim Avas denied in this court (35 C. Cls. B.., 242), but upon appeal to the Supreme Court this court Avas reversed and the claim allowed.
In a well-considered opinion in that case it was held:
(1) That the Secretary of the Treasury had no authority, by any order or appointment made by him, to take from an inferior officer any part of his salary as provided by law.
(2) That although the Secretary’s communication appointing the claimant as such inspector of foreign steam vessels stated that he was to serve as such without “ additional compensation,” he was not thereby, or by his subsequent conduct, estopped to demand the salary provided by law for such office.
The case at bar is even stronger against the Government than the one referred to. In the Glavy case both appointments Avere made by the same official, so that tho salary Avithheld Avas one belonging to an office the appointment to *240 which was under the jurisdiction of the Secretary of the Treasury. In this case the sources of appointment were entirely different, and the two offices were separate and distinct.
Section 715 of the Revised Statuses provides that: “The Circuit and District Courts may appoint criers for their courts, to be allowed the sum of two dollars per day,’’ etc. It will thus be seen that court criers are officers of the court, receiving their commissions directly from the court and entirely independent of the Attorney-General or marshal.
In fixing the salary of the claimant in this case the Attorney-General could, and doubtless should, have taken into consideration the pay he was already receiving and would continue to receive as court crier; but in fixing such salary he had no authority in terms to take from him his pay as such court crier. His appointment as court crier was made by the court and his pay was fixed by law. Tie did have authority to fix his salary, as office deputy, and that was fixed by him at $1,000.
The petition in this case was filed May 31, 1904, and it therefore appears that pay for services prior -to May 31, 1898, is barred by the statute of limitations. The Treasury transcript shows that subsequent to May 81, 1898, the claim-ant was in attendance on court, acting as court crier 525 days, for which his compensation should be $1,050.
The claimant’s motion for a new trial is allowed, and judgment is therefore ordered for the claimant in the sum of $1,050.