Atkinson, J.,
delivered the opinion of the court:
There is but one question involved in this suit, and tha,t is whether or not the plaintiff is entitled to pay for services *60 alleged to have been, rendered by him as a special assistant United States attorney for the central district of the Indian Territory during the months of July and August, 1906. The findings show that he was first appointed to said office on the 10th day of August, 1904, which appointment was renewed from time to time by the Attorney-General, at the request of the district attorney for said district. It appears that the term for which plaintiff had been appointed expired June 30, 1906, and although his services were desired by the district attorney to be continued as his special assistant in the trial of important criminal cases then pending, the reappointment was not made by the Attorney-General until August 23 to take effect September 1 of that year. Plaintiff’s compensation was fixed at $150 per month, and in addition thereto he was to be reimbursed for his actual and necessary expenses of travel and subsistence while engaged under said employment. His employment was for the period of six months, and he took the required oath of office September 1, 1906. Having been previously employed as such special assistant, to the district attorney, he continued to discharge the duties of said office during the months of July and August of said year, and the Attorney-General, in order to entitle him to receive pay, as he supposed, for said months of July and August, issued the letter set out in Finding I.
Plaintiff presented a claim for services at $150 per month for eight months, from July 1, 1906, to February 28, 1907, and expenses amounting to $251.75, which account was approved by the Attorney-General. The claim was allowed by the Treasury Department, and a warrant was issued in favor of plaintiff for six months’ salary from September 1, 1906, to February 28, 1907, and expenses, but payment of salary allowance was refused for the months of July and August, for the reason that the appointment did not become effective until September 1, 1906, and that the services rendered by plaintiff during the months of July and August were voluntary, consequently for such services the United States were not liable. Furthermore, the act of February 27, 1906 (30 Stats. L., 49), prohibits any department or any officer of the Government from the acceptance of voluntary service for the United States.
*61 Plaintiff was appointed under section 363 of the Revised Statutes, which provides that—
“The Attorney-General shall, whenever, in his opinion, the public interest requires it, employ and retain, in the name of the United States, such attorneys and counselors at law as he may think necessary to assist the district attorneys in the discharge of their duties, and shall stipulate with such assistant attorneys and counsel the amount of compensation, and shall have supervision of their conduct and proceedings.”
And section 366 further provides that—
“Every attorney or counselor who is specially retained, under authority of the Department of Justice, to assist in the trial of any case in which the Government is interested shall receive a commission from the head of such department as a special assistant to the Attorney-General, or to some one of the district attorneys, as the nature of the appointment may require; and shall take the oath required by law to be taken by the district attorneys, and shall be subject to all the liabilities imposed upon them by law.”
The position of a special United States assistant attorney is not an office. It is only an employment, and the amount to be paid for such service is for work done by the individual so employed. Such employee, therefore, is not entitled to, nor is he paid, a salary. His compensation is confined to the terms of his appointment. In this case plaintiff was employed September 1, 1906, for the period of six months by appointment of the Attorney-General, dated August 23, 1906, and he was paid in full for that term of service.
It is not questioned that the Attorney-General has the legal right to appoint special attorneys under the sections of the Revised Statutes above quoted and to fix their compensation, but his right to make an appointment to take effect at a prior date than the actual date of the appointment was denied by the Treasury Department, and we think justly so. In making the contract with plaintiff the Attorney-General acted as the agent of the United States under the authority contained in sections 363 and 366 of the Revised Statutes, and the Government is therefore bound by his action in so far as he was acting within the scope of his *62 lawful authority. When an attorney is specially retained he can perform service only after he is so retained, and not prior thereto, nor,can he receive compensation for his services prior to the date of his appointment, nor can an appointment be made retroactive so as to cover a period of service not embraced in the original appointment.
If plaintiff rendered service during the months of July and August, 1906, for which he sues, he would not be entitled to compensation, because such service must be regarded as voluntary, and the payment therefor is prohibited by the act of February 27, 1906, supra, which explicitly provides that no officer of the Government shall accept voluntary service for the Government. Section 3 of said act provides, inter alia:
“ Nor shall any department or any officer of the Government accept voluntary service for the Government or employ personal service in excess of that authorized by law, except in cases of sudden emergency involving the loss of human life or the destruction of property.”
An appointment to an office is an act done, a direct exercise of power in some particular direction, not necessarily evidenced in writing, but none the less completed at some particular period of time, and until the act is done it necessarily remains undone. Something more than the act of appointment also is necessary to invest the person appointed with the office designated in order to give the appointee the right to compensation. It must be accepted, and we can not understand how an appointment can be accepted, either formally or impliedly, before it has been made.
In the case at bar, the appointment was made August 28, 1906, to take effect September 1 following; hence we decide that any subsequent appointment or order made to cover the two preceding months must be held as not authorized by law, and the petition is accordingly dismissed.
Booth, J., was not present when this case was tried and took no part in the decision thereof.