Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of about $70,000.
The plaintiff claims that there is due it on account of extra work performed by it outside of the contract limits the sum of about $22,502.18.
It also claims that by reason of misrepresentations made by the Government as to the material to be dredged it was much more difficult and expensive to excavate the materials found than it would have been to excavate the materials described in the specifications; and that by reason of the misrepresentations of the Government the plaintiff was obliged to expend the sum of $47,127.98 more than it would have expended had the material been such as was described *161 in the specifications. The plaintiff alleges that it relied upon the statement in the specifications as to the character of the material to be dredged, and that it was induced to enter into the contract to dredge the material at the price of 7T% cents per cubic yard by the description of the material contained in the specifications.
The contract provides: “Article 7. No claim whatever shall at any time be made upon the United States by the contractor for or on account of any extra work or material performed or furnished under or by virtue of this contract, and not expressly bargained for and specifically included therein, unless such extra work or material shall have been expressly required in writing by the contracting officer, the prices and quantities thereof having been first agreed upon by the contracting parties and approved by the Chief of Engineers.”
The extra work which the plaintiff alleges it performed was not required in writing by the contracting officer, nor were the price and quantity of the work approved by the Chief of Engineers. The plaintiff had under the contract a method pointed out to it by which it could have been paid for any extra work which it might have performed. It ignored the provisions of the contract, and continued to perform what it alleged to be extra work and to accept without written protest the contract price therefor; for article 39 of the specifications, a part of the contract, provided: “ If the contractor considers any work required of him to be outside the requirements of the contract, or considers any record or ruling of the inspector or contracting officer as unfair, he shall ask for written instructions or decision immediately and then file a written protest with the contracting officer against the same within three (3) days thereafter or be considered as having accepted the record or ruling.” So when the contracting officer directed the contractor to dredge along lines outside the contract limits, if it considered that ruling unfair to it the contract provided a remedy and a method by which it could have saved its rights, but the plaintiff did not proceed in accordance with the provisions of the contract, whether as to extra work, which it alleges it per *162 formed, or as to the conduct of the work which the plaintiff alleges led to the performance of the extra work. Under these circumstances the plaintiff can not recover for the extra work which it alleges it has performed. Plumley v. United States, 226 U. S. 545; Daly & Hannan Dredging Co. v. United States, 55 C. Cls. 1.
We come next to consider the claim of the plaintiff that it relies upon the statement of the Government that the material to be dredged was mud and sand, and that so relying it was induced to make its bid and to enter into the contract; that it was found that the material to be dredged was not only mud and sand, but also- hard sand and hard clay interspersed with stumps, which were very different from mud and sand, and much more expensive to excavate; and it claims that it should be paid a larger amount than the contract price for the material dredged by it.
The specifications as to the character of the material to be dredged are as follows:
“ 22. The material to be removed is believed to- be mud and sand, but bidders are expected to examine the work and decide for themselves as to- its character and to- make their bids accordingly, as the United States does not guarantee the accuracy of this description.
“ 23. The price bid per cubic yard for dredging shall cover the cost of removal and disposition of all material encountered except ledge rock. The removal of ledge rock, if found, will not be required; such work, if necessary, will be made the subject of separate contracts.”
It is not alleged or proven that the United States or its officers had knowledge of this material which it failed to disclose to bidders, nor that the United States or its officers had any more knowledge of the material to be dredged than was stated in the specifications. Indeed, it is admitted that the United States had no knowledge of the character of the material to be dredged, and it is asserted that having no knowledge the United States had no right to state its belief as to- the character of the material, and that by doing so the Government made itself liable to the plaintiff because when the material came to be dredged it turned out to be *163 not mud and sand but material more difficult, and therefore more expensive to excavate.
As a matter of fact the evidence in this case discloses that the plaintiff did not rely upon the statements of the United States as to what the material was or was believed to be. The plaintiff, before making its bid and before entering- into the contract went upon the site of the work and made its own investigation and ascertained that the material consisted of mud and sand, hard clay, and hard sand. There-fore with its eyes open and with full knowledge of the character of the material to be dredged it made its bid and entered into the contract, and with full knowledge that if there was any other material there except ledge rock it could only receive the contract price for its removal, the contract providing “ the price bid per cubic yard for dredging shall cover the cost of removal and disposition of all materials encountered except ledge rock.”
In the face of the above facts the plaintiff can not be allowed to- found a claim against the Government upon the statement that it relied upon the- specifications to' determine the character of the material to be dredged. The belief as to the character of the material set out in the specifications is not a warranty upon which an action can be founded; it is only an expression of opinion. If the opinion set out in the specifications had been known to- be false by the officers of the United States, and had been so set out with intent to deceive and mislead, a different conclusion might be arrived at, but no such facts are proven or even alleged.
The case of the Atlantic Dredging Co., 53 C. Cl. 490, and 253 U. S. 1, is not similar to this case. The facts in the two cases are entirely different.
For the reasons above stated the petition of the plaintiff must be dismissed. It is so ordered.
GRAham, Judge; DowNet, Judge; Booth, Judge; and Campbell, Chief Justice, concur.