Littleton, Judge,
delivered the opinion of the court:
It will be seen from the findings that plaintiff seeks to recover the amount of $2,544.50 in addition to the compensation of $1,218 paid to him at the rate of $4,000 per annum for the duration of his appointment by the Attorney General of the United States as a special assistant to -the United States Attorney ■ at Chicago, Illinois. Plaintiff bases his claimed right to recover this amount upon an alleged agreement between himself and Dwight' Green, U. S. Attorney for the Northern District of Illinois, for compensation on a *169 per diem basis in. the.event plaintiff was not sent to Greece in connection with the extradition trial of the case of the United States v. Samuel Instill, Sr., et al. The testimony of record is in direct conflict with reference to an agreement which plaintiff alleges he had with the United States Attorney to the effect that he would be paid for his services upon a time basis if he should not be sent to Greece as counsel for the United States in the extradition trial. Plaintiff states that the terms and conditions of his employment were stated to the United States Attorney for the Northern District of Illinois in the alternative: first, that should he be sent to Greece he would accept a reasonable salary plus traveling expenses in view of the prestige it would give him in being sent to Greece in a case of international character; but, second, if he were not sent to Greece, and did his work in Chicago, he would not be able to get away from his clientele, would have to give part of his time to them, and could devote only the remainder to the work in the extradition case, for which he would have to be paid on the basis of time and service. Plaintiff further testified that the amount of his compensation, either on an annual basis or on the basis of time and service, was not discussed with the United States Attorney for the reason that both he and the United States Attorney expected that plaintiff would be sent to Greece as an attorney of the United States in the case under consideration. The United States Attorney testified positively that he did not employ plaintiff or have any understanding or agreement with him that he would be paid on the basis of $4,000 a year if he was sent to Greece and that if he did not go to Greece that he would be paid compensation at an hourly rate on a per diem basis. The United States Attorney further testified that plaintiff did not discuss or have any conference with him with reference to additional compensation other than that fixed by the Attorney General or on any other basis for services rendered during the period of his appointment until after plaintiff had completed the work performed by him as a special assistant to the United States Attorney in translating certain documents in connection *170 with the case of the United States v. Insull. The United States Attorney further testified that he did not have any discussion with plaintiff with reference to the basis of his compensation or what compensation he might receive in the event he was not sent to Greece. But we need not further discuss or undertake to reconcile this conflicting testimony for the decision of the question presented is controlled by other considerations. The United States Attorney was without authority to employ a special assistant and to fix his compensation and bind the United States to pay the same. This power resided exclusively by statute in the Attorney General of the United States and the only authority possessed by the United States Attorney was to make recommendations to the Attorney General. United States v. Crosthwaite, 168 U. S. 375, 378, 379; Garter v. United States, 31 C. Cls. 344, 352, 353, affirmed 170 U. S. 527; Smith v. United States, 26 C. Cls. 568, 574; Lee v. United States, 45 C. Cls. 57; United States v. Rosenthal, 121 Fed. 862, 868; United States v. Virginia-Carolina Chemical Co., 163 Fed. 66, 72.
On May 19, 1933, the United States Attorney at Chicago conferred with plaintiff with reference to having him appointed special assistant to the United States Attorney to assist in the extradition trial in the case of United States v. Insull. As a result, the United States Attorney recommended to the Attorney General the appointment of plaintiff and, on the following day, the United States Attorney advised plaintiff that he would be appointed and that compensation at the rate of $4,000 a year plus expenses of the trip to Greece had been fixed as his compensation. On May 22, 1933, the Attorney General appointed plaintiff a special assistant to the United States Attorney for the Northern District of Illinois with headquarters at Chicago and fixed the compensation at the rate of $4,000 a year. This appointment was in writing and was addressed to plaintiff in care of the United States Attorney at Chicago, Illinois. With this appointment there was enclosed an oath of office which plaintiff duly executed, all as set forth in finding 3. Plaintiff was not sent to Greece, and performed cer *171 tain services as a special assistant to the United States Attorney at Chicago. Plaintiff regularly prepared vouchers for his compensation at the rate of $4,000 per annum which were sent and approved by the United States Attorney in the amount of $1,218 for the duration of his appointment, which he received and accepted without protest both before and after he was advised that he would not be sent to Greece. In these circumstances, plaintiff cannot recover from the United States any greater sum in view of the provisions of sections 863 and 366 of the Revised Statutes; Title 5, U. S. C. A., sections 312 and 315, which are as follows:
Sec. 363. The Attorney General shall, whenever in his opinion the public interest requires it, employ and retain, in the name of the United States, such attorneys and counselors at law as he may think necessary to assist the district attorneys in the discharge of their duties, and shall stipulate with such assistant attorneys and counsel ithe amount of compensation, and shall have supervision of their conduct and proceedings.
Sec. 366. Every attorney or counselor who is specially retained, under the authority of the Department of Justice, to assist in the trial of any case in which the Government is interested, shall receive a commission from the head of such Department, as a special assistant to the Attorney General, or to some one of the district attorneys, as the nature of the appointment may require; and shall take the oath required by law to be taken by the district attorneys, and shall be subject to all the liabilities imposed upon them by law.
Under these provisions of law, there can be no doubt the Attorney General, and not the United States Attorney, is the appointive power and that plaintiff is bound by the terms of his appointment by the Attorney General. Plaintiff states that the letter of appointment by the Attorney General was not delivered to him, but the facts show that on the day the appointment was made the plaintiff was informed by the United States Attorney, upon advice received by him from the Attorney General, that he had been appointed and that his compensation had been fixed at the rate *172 of $4,000 per annum. After tbe appointment bad been made plaintiff accepted the same and executed the required oath without protest and without investigation of any kind to determine whether or not the appointment by the Attorney General was upon the terms and conditions which plaintiff now alleges he had discussed with the United States Attorney. Even if it be assumed that plaintiff in his negotiations and conversations with the United States Attorney prior to his appointment expected that he would be paid upon a time basis if he was not sent to Greece, which the United States Attorney denies, such matters became merged in the definite appointment by the Attorney General on May 20 which plaintiff accepted on May 22,1933. He was charged with constructive knowledge of its conditions. Allen v. United States, 41 C. Cls. 235, 238. Moreover, there can be no recovery on the basis of quantum meruit upon an implied contract for the reason that the lack of authority, statutory or otherwise, in the United States Attorney to make an express contract of employment and to fix the compensation of a special assistant to the United States Attorney is fatal to the theory of an implied contract. It is fundamental that he who is without authority to bind his principal by an express contract cannot be held to have done so by implication. Beach v. United States, 226 U. S. 243, 260; The Curved Electrotype Plate Company v. United States, 50 C. Cls. 258, 273; Daly & Hannan Dredging Company v. United States, 55 C. Cls. 1; Willie Crockett Wright, Admrx. v. United States, 86 C. Cls. 290.
Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.
Williams, Judge; Green, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.