*238 The court decided that the plaintiff was not entitled to recover, in an opinion
per curiam
as follows:
This is a suit brought by John F. L. O’Leary, plaintiff, a ■shorthand reporter, to recover the sum of $169.60 alleged to have been due him for reporting hearings before a Referee in Bankruptcy at Racine, Wisconsin, and furnishing a ■copy of the transcript thereof to the Referee in Bankruptcy .and to an Assistant United States Attorney.
The record shows that the plaintiff did perform work as .•a reporter as alleged in his petition on the hearing of a case in bankruptcy before a Referee. The issue in the case is whether he was directed or employed to perform this work by anyone who had authority to engage him.
The evidence fails to show that the plaintiff was engaged nr directed to perform the work for which he seeks to recover by anyone. Neither the Referee in Bankruptcy who presided at the hearings nor the Assistant United States Attorney who represented the defendant at the hearings -or the: Special Agent of the Federal Bureau of Investigation who was also present had any authority to employ him -to report and make a transcript of the proceedings. He merely appeared at the hearings before the Referee and without any objection on the part of anyone proceeded -to take down the evidence in shorthand and thereafter made *239 a transcript of the testimony which he furnished to the Referee and the representatives of the defendant.
The matter involved is fully covered in the volume entitled “Justice Department, Instructions, 1929,” issued by the Department of Justice, in which the limitations on the authority of the District Attorney are fully set forth and shown to be controlled by Section 14 of the Act of May 28,1896 (29 Stat.
140, 183). Under this Statute, actions which would create liability or result in the presentation of the claim covering services or expenses in particular cases, can only be taken after formal authority has been received from the Attorney General, and if the expense exceeds the sum of $25.00 competitive bids must accompany the application unless the expense is covered by annual written contracts.
The plaintiff seems to rely on an implied contract rather than an express one but as no one connected with the proceedings had any authority to enter into an express contract with him for his services, no contract could be implied even if the findings were otherwise sufficient, as they are not. See Vlachos v. United States, 90 C. Cls. 165.
The plaintiff’s case is entirely without any foundation and his petition must be dismissed.
It is so ordered.