Whaley, Chief Justice,
delivered the opinion of the court:
From .the facts in this case, which have been stipulated, it appears that John H. Rankin was appointed Director of the Fourth Pennsylvania District of the Federal Works Progress Administration, a Government agency. At'the time of his appointment he was a member of the firm of Rankin & Kellogg, and this firm had under lease certain space on the 23d floor of the Architects Building in the city of Philadelphia, Pa., for which it had agreed to pay $1.50 a square foot per annum. The firm consisted of three members, one of whom died the day before Rankings appointment as Director of the Fourth Pennsylvania District; -and the other within six months thereafter. -The space occupied by. this firm was adequately fitted Up for the business of architects, but, due to' the depression in; business generally which was prevailing at that time, was hot necessary for the business of the firm.
Rankin was authorized by the State Director of the Works Progress Administration to procure adequate office space. He placed.the office of the Fourth Pennsylvania District in his firm’s offices, and then asked for bids for office space. The corporation which owned the building in which the firm of Rankin & Kellogg leased space, and of which' plaintiff was President and a member of the Board of Directors, offered space in the same building at $1.04 a square foot.' Rankin did not accept this offer,, but recommended the-space occupied by his firm to the Procurement Division of the Treasury at the same rate per square foot as that made by the corporation which owned the building. He failed] *365 ;to notify the Procurement Division of. the Treasury, through ■ whom all leases were made; that the space recommended by ' him was under lease to his firm. The Procurement Divi- ' sion prepared a lease with the corporation as lessor, but when this lease was presented to the corporation to sign, it refused on the ground the space was then under lease to '• Eankin & Kellogg. No lease was ever executed for this ■ space by the Works Progress Administration, but . Eankin . kept the offices of the Fourth Pennsylvania District in the ' space under lease to his firm until removal of the office of the Works Progress Administration from the building on April 18, 1936. He is suing as sole surviving and liquidating member of the partnership firm of Eankin & Kellogg for the reasonable rental value of the space so occupied and used by the offices of the Director of the Fourth Pennsylvania District of the Works Progress Administration. No payment has ever been made by the Government for the space so occupied and this action is brought to recover the sum of $3,233.51.
Section 93, Title 18, U. S. Code (Criminal Code, Section 41, 35 Stat. 1097), reads as follows:
No officer or agent of any corporation, joint-stock company, or association, and no member or agent of any firm, or person directly or indirectly interested in the pecuniary profits or contracts of such corporation, joint-stock company, association, or firm, shall be employed or shall act as an officer or agent of the United States for the transaction of business with such corporation, joint-stock company,, association, or firm. Whoever shall, violate the provision of this section shall be fined not more than $2,000 and imprisoned not more than two years.
It is clear from the recited facts that Eankin was not only a member of a firm but also a person directly interested in the pecuniary profits and contracts of such firm. He also acted “as an officer or agent of the United States for the transaction of business with such" * * * firm.” Although plaintiff was an officer of the Works Progress Administration in charge of a District he insisted upon the use of .his firm’s offices after procuring bids on space for the permanent quarters of his Division, and after receiving from the *366 Architects Building Corporation the lowest bid. Nevertheless he retained and occupied the space leased by his firm from the Architects Building Corporation, of which- he was President, a member of the Board of Directors, and in which corporation his partnership held stock.
The partnership of Rankin & Kellogg did not enter ¡a bid when Rankin as Director- secured bids on" space -for quarters. :He may have explained to the State Directpr, -from whom his appointment had come, his connection’with the Architects Building Corporation and his desire to' have the- Fourth División in the partnership offices, biit'nohe' of these relationships were ever divulged to the Procurement Division of the. Treasury. It is transparent -that Rankin violated the provisions of the statute. He did not- take merely a perfunctory part but was the prime'mover-to secure and retain the space rented to his partnership as the offices for the Works Agency, of which he was Director.- Insistence is not perfunctory, it is demanding and urgent, and that was his attitude when other space could have been secured from the Corporation of which' he was President and that owned the building. He recommended against removal to another building in April but nevertheless the offices were removed. The assumption is not violent, that with the architect business not active due to the depression and by subletting the space, the. partnership would save $1.04 a square foot per annum, thus mitigating the loss on the. lease which it had .made.with the Architects Building Corporation and which had some time to run before expiration.- :
The contention is made that' although 'the penal .statute has been violated by Rankin, nevertheless recovery .should be had because the Government has occupied the space and impliedly-should pay a reasonable compensation for-its use. The question therefore arises, is such an implied contract enforceable? The general rule Avhich the Supreme Court and this Court have consistently followed is that laid- down in Clark v. United States, 95 U. S. 539. A parol contract fully executed by the contractor upon his part wherein the United States receives all the benefits of the undertaking imposes a liability upon the latter as upon an implied con *367 tract. However., the plaintiff, a. public, officer, hag. .violated a penal statute by using or attempting .to use,his'office ¡for his own pecuniary benefit. The rule in such cases is that an act clone, in violation of the statutory prohibition is void and confers no rights upon the wrongdoer. It would-.be. strange indeed to allow the plaintiff to recover a reasonable rental value for the space controlled by him when the statute makes it a crime punishable by fine and .imprisonment toy him to act for the Government and deal with himself. Prosser v. Finn, 208 U. S. 67; Waskey v. Hammer, 223 U. S. 85; Ewert v. Bluejacket, 259 U. S. 129.
The plaintiff could not recover on an express contract, so it is equally fatal to the.theory of recovery on an implied contract, notwithstanding any benefit which may ha¡ye accrued to the Government. Beach v. United States, 226 U. S. 243, 260; Vlachos v. United States, 90 C. Cls. 165; The Curved Electrotype Plate Co. v. United States, 50 C. Cls. 258.
In Michigan Steel Box Co. v. United States, 49 C. Cls. 421-439, this Court said: .
The reason of the rule,inhibiting a party who occupies confidential and fiduciary relations toward another from assuming antagonistic positions to his .principal in matters involving the subject matter of the trust is sometimes said to rest, in a sound public policy,, but it also is justified in a recognition of the authoritative declaration that no man can serve two masters; and considering that human nature must be dealt with, the rule does not stop with actual violations of.such trust relations, but includes within its purpose the removal of any temptation to violate them. Hence the principal, on being informed of the participation of his agent on his own-account and interest in a transaction wherein there was an obligation to represent' the" principal, may disaffirm the contract so entered into without reference to any actual damage to the principal or benefit to the agent.
The plaintiff cannot recover. The petition is dismissed. It is so ordered.
MaddeN, Judge; Jokes, Judge; WhitakeR, Judge; and LittletoN, Judge, concur.